**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>La Casa De Las Flores Gourmet Kitchen LLC, et al.,<br><br>Defendants. | No. CV-24-00991-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Joe Hand Promotions' ("JHP") Motion for Award of Attorneys' Fees and Costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) (the "Motion"). (Doc. 14.) The Court will grant the motion.

**I.  BACKGROUND**

Enrique Martinez ("Martinez") unlawfully obtained and misappropriated the closed-circuit *Canelo Alvarez vs. John Ryder* broadcast (the "Broadcast") on May 6, 2023. (Doc. 12 at 1.)

After JHP discovered the misappropriation at Martinez' restaurant, La Casa De Las Flores Restaurant and Bar, it sued Martinez for violations of the Communications Act of 1934, as amended, 47 U.S.C. § 605. (*Id.*) Martinez failed to appear and defend, despite being served with process.[1]

JHP applied for entry of default, which the Clerk of Court granted. (Doc. 10.)

JHP then moved for default judgment, and Martinez again failed to respond. (Doc.

---

[1] The Affidavit of Service indicates that the process server left the summons and other material with an adult residing at Martinez's residence. (Doc. 6.)

11.) The Court granted JHP's motion for default judgment and entered judgment in its favor. (Doc. 12 at 9.)

JHP subsequently filed this Motion totaling $3,460.00 in fees and costs. (Doc. 14 at 3.) This request includes $2,550.00 in attorneys' fees for JHP's counsel, Ryan R. Janis ("Counsel"), and $910.00 for filing fees and service costs. (*Id.* at 2.) Martinez did not respond.

## II.     LEGAL STANDARD

The Court must first determine whether a party is eligible for and entitled to attorneys' fees. LRCiv. 54(c). Then, before the Court awards attorneys' fees, it must determine if the fees are reasonable. *Id.*; *Heredia v. IPVision Inc.*, No. CV-24-00116-TUC-RCC, 2024 WL 3951980, at *2 (D. Ariz. Aug. 27, 2024). To determine whether requested fees are reasonable, the Court must use a "lodestar approach." *Heredia*, 2024 WL 3951980, at *2. "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022) (citation omitted). The Court may adjust the lodestar amount based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3). The Court should examine "some or all" of these factors in making an attorneys' fee decision. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868-69 (9th Cir. 2014) (citation omitted); *see Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) ("The court need not consider all . . . factors, but only those called into question by the case at hand and

necessary to support the reasonableness of the fee award.") (citation omitted).

## III.   DISCUSSION

As JHP has prevailed on its claims, it is eligible for and entitled to "the recovery of full costs, including awarding reasonable attorney's fees" under 47 U.S.C. § 605(e)(3)(B)(iii). JHP requests a lodestar award of $2,550.00 in attorneys' fees, comprising of a $300 hourly rate multiplied by 8.5 hours worked. (Doc. 14 at 2-3; Doc. 14-2 at 2.) The Court examines the relevant *Kerr* factors to determine whether this lodestar should be adjusted. *Coe*, 2022 WL 508841, at *1; LRCiv. 54.2(c)(3).

### A.   Time and Labor Required

"Under the lodestar method, the prevailing party is generally entitled to recover fees for 'every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest.'" *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) (quoting *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019)). The Court excludes attorneys' fees for clerical and administrative tasks. *See Gary*, 398 F. Supp. 3d at 487.

Counsel provided an itemized list detailing the services performed while representing JHP in this case. (Doc. 14-2 at 2.) None of the listed items are clerical or administrative, and Counsel undertook all services to advance JHP's interest. *Romero*, 2024 WL 2389353, at *2. The Court finds 8.5 hours is a reasonable amount of time spent on this case. This factor supports the requested lodestar.

### B.   Customary Fee

The customary fee in telecommunication piracy actions is "commensurate with the prevailing market rate of the relevant community." *G&G Closed Cir. Events v. Diaz*, No. CV-22-01837-PHX-JZB, 2025 WL 663177, at *4 (D. Ariz. Jan. 24, 2025) (internal quotations omitted) (citing *Gary*, 398 F. Supp. 3d at 485). Counsel declares that he has been practicing for over fifteen years and has litigated federal piracy claims for fourteen years. (Doc. 14-1 at 1.) Counsel claims that the average hourly rate for attorneys with

similar experience in Arizona is $340. (Doc. 14 at 2, citing Carol Rose, *Arizona Lawyers Report on Economics of Practice*, 59 Ariz. Att'y 4 (2022).) The requested $300 hourly fee is reasonable. This factor supports the requested lodestar.

### C.  Amount Involved and Results Obtained

The amount in a damages award does not necessarily limit the amount of attorneys' fees. *Queseda v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988). JHP successfully prevailed in their claim and received $10,500.00 in damages. (Doc. 12.) As JHP was successful in this action, Counsel is entitled to fees earned for achieving that result. This factor supports the requested lodestar.

### D.  Experience of the Attorney

Counsel has fifteen years of experience as an attorney, with fourteen of them spent pursuing piracy actions like this. (Doc. 14-1 at 1.) The fee charged is commensurate with the fact that he is knowledgeable and experienced in this practice area. This factor supports the requested lodestar. *Diaz*, 2025 WL 663177, at *5 (finding in a similar situation that this factor "does not warrant adjustment to the lodestar").

### E.  Awards in Similar Cases

The requested $2,550.00 fee award is in line with fee awards in similar cases. *See, e.g.*, *Joe Hand Promotions Inc. v. Taco Spot III LLC*, No. CV-24-00993-PHX-ROS, 2025 WL 1615473, at *2 (D. Ariz. June 6, 2025) (finding $3,210.00 to be reasonable); *Diaz*, 2025 WL 663177, at *5 (collecting similar cases where $4,489.00, $5,477.00, and $2,880.10 were reasonable fees). This factor supports the requested lodestar.

### F.  The Remaining *Kerr* Factors

The Motion does not discuss the novelty or difficulty of litigating this case, the requisite skill to perform this legal service properly, the preclusion of other employment due to acceptance of this case, time limitations, "undesirability," or the nature and length of Counsel's relationship with JHP.[2] But even if the Court had this information, these

---

[2] Although Counsel declares "[f]or fourteen (14) years our firm has litigated federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events," this does not specify the nature of Counsel's relationship with JHP. (Doc. 14-1 at 1.)

factors likely would not merit adjustment of the lodestar figure. *See Taco Spot*, 2025 WL 1615473, at *2; *see also Gary*, 398 F. Supp. 3d at 491 (finding that even if there were discussion of certain factors, they "do not justify any change to the fee award").

Because a balancing of the *Kerr* factors supports the requested attorneys' fees, the Court will grant the Motion.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. 14.)

**IT IS FURTHER ORDERED** that the Defendant shall pay $3,460.00 in attorneys' fees and costs within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a notice of satisfaction within seven (7) days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 3rd day of July, 2025.

Michael T. Liburdi
United States District Judge